**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREENBERG TRAURIG, P.A.; | ) | |
| GREENBERG TRAURIG, LLP, | ) | CIVIL ACTION |
| Petitioners, | ) | |
| | ) | NO.: 12-cv-6718 |
| v. | ) | |
| | ) | |
| FRANCINE GRIESING, | ) | |
| Respondent. | ) | |

**ORDER**

AND NOW this _____ day of _____, 2012, upon consideration of Francine Griesing's Motion to Dismiss Defendants' Petition to Compel Arbitration or, Alternatively, for a Change in Venue Pursuant to 28 U.S.C. § 1404(a) and any response thereto, it is hereby ORDERED that Greenberg Traurig, P.A. and Greenberg Traurig, LLP's Petition to Compel Arbitration be DISMISSED.

BY THE COURT:

_____
Mitchell S. Goldberg, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREENBERG TRAURIG, P.A.; | ) | |
| GREENBERG TRAURIG, LLP, | ) | CIVIL ACTION |
| Petitioners, | ) | |
| | ) | No. 12-cv-6718 |
| v. | ) | |
| | ) | |
| FRANCINE GRIESING, | ) | |
| Respondent. | ) | |

**FRANCINE GRIESING'S MOTION TO DISMISS OR, ALTERNATIVELY,**
**FOR A CHANGE OF VENUE PURSUANT TO 28 USC § 1404(a)**

Pursuant to Local Rule 7.1, Francine Griesing, by and through her counsel, respectfully moves this Court for an order dismissing Greenberg Traurig, P.A. and Greenberg Traurig, LLP's Petition to Compel Arbitration or, alternatively, an order transferring venue in this matter to the Southern District of New York, where Ms. Griesing initiated class litigation on behalf of herself and others similarly situated.  The grounds for this Motion are more fully stated in the accompanying Memorandum.

Respectfully submitted,

/s/ Jodi S. Wilenzik
NEIL J. HAMBURG
JODI S. WILENZIK
ID Nos. 32175 and 89205
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8590 (phone)
(215) 255-8583 (fax)
hamburgnj@hamburg-golden.com
wilenzikjs@hamburg-golden.com

David W. Sanford (DC Bar No. 457933)
*Motion for Admission Pro Hac Vice forthcoming*

Katherine M. Kimpel (DC Bar No. 493028)
*Motion for Admission Pro Hac Vice forthcoming*

Kate Mueting (DC Bar No. 988177)
*Motion for Admission Pro Hac Vice forthcoming*

**SANFORD HEISLER, LLP**
1666 Connecticut Ave, N.W.
Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5200
Facsimile: (202) 742-7776

Dated:  December 12, 2012                    Counsel for Francine Griesing

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| GREENBERG TRAURIG, P.A.; | ) | |
| GREENBERG TRAURIG, LLP, | ) | CIVIL ACTION |
|                      Petitioners, | ) | |
| | ) | NO. 12-cv-6718 |
|         v. | ) | |
| | ) | |
| FRANCINE GRIESING, | ) | |
|                Respondent. | ) | |

---

**FRANCINE GRIESING'S MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS OR, ALTERNATIVELY, FOR A CHANGE OF VENUE
PURSUANT TO 28 USC § 1404(a)**

## I.     INTRODUCTION

After three years of investigating Greenberg Traurig, LLP ("GT" or the "Firm"), the Equal Employment Opportunity Commission ("EEOC") concluded in June 2012 that there is "reasonable cause" to support class-wide claims that GT treats women less favorably in the terms and conditions of their employment, including compensation. Based on this finding, and as a result of the systematic gender discrimination that ensues at GT offices nationwide, on December 3, 2012, Francine Friedman Griesing filed a class action in the United States District Court for the Southern District of New York. *See Francine Friedman Griesing v. Greenberg Traurig, LLP*, 12-cv-8734 (S.D.N.Y. Dec. 3, 2012). GT discriminated against female shareholders in shareholder assignment, compensation and other terms of employment, and GT retaliated against Ms. Griesing and, ultimately, terminated her employment because she raised complaints.

Before this Court is GT's Petition to Compel Arbitration ("Petition"), which GT filed the same day as Ms. Griesing filed her Complaint in the Southern District of New York. This Court should decline to exercise jurisdiction over GT's Petition and dismiss it or transfer it to the

Southern District of New York, where Ms. Griesing's Complaint is pending.  To do otherwise would deprive Ms. Griesing the right to litigate her civil rights claims in the forum of her choice and would send a message to employers that they can dictate an employee's choice of forum simply by filing a related case elsewhere.  That result would not only defy the purpose of Title VII's venue provision, but it is contrary to precedent, which dictates that aggrieved parties are entitled to deference in their choice of forum.  Because this matter is pending in the U.S. District Court for the Southern District of New York, where Ms. Griesing chose to file her Title VII claims, this Court should dismiss GT's Petition or transfer it to that forum under 28 U.S.C. § 1404(a).

## II.    FACTS

Francine Friedman Griesing is a former shareholder at GT, a nationwide law firm with more than 1,700 attorneys and more than a billion dollars in annual revenue.  Ms. Griesing joined GT in April 2007 with more than 30 years of legal experience and a stellar reputation within her field.  Her Complaint alleges that although Ms. Griesing was an exceptional performer at the Firm, GT discriminatorily denied her compensation, promotions, support and rewards enjoyed by less productive and less competent male shareholders, including relegating her to the Firm's lowest shareholder level.  After Ms. Griesing complained to Firm management, including CEO Richard Rosenbaum ("CEO Rosenbaum"), that GT compensated her less than similarly situated male shareholders, GT retaliated against her.  Shortly thereafter, CEO Rosenbaum terminated Ms. Griesing's employment.

On September 21, 2009, Ms. Griesing filed a charge with the EEOC alleging class-wide gender discrimination and retaliation.  The EEOC issued a determination of discrimination in June 2012, including a rare finding of class-wide discrimination against women at GT in hiring, promotion and compensation.

On December 3, 2012, Ms. Griesing filed a Complaint against GT in the Southern District of New York, alleging violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. §§ 2000e, *et. seq.* ("Title VII") and the Equal Pay Act, 29 U.S.C. §§ 206, *et seq.* ("EPA").  *See generally* Complaint, *Francine Friedman Griesing v. GT, LLP*, 12-cv-8734 (S.D.N.Y. Dec. 3, 2012) (Doc. No. 1, attached hereto as Ex. 1).  Contrary to the assertions in GT's Petition, Ms. Griesing did not bring any claims under Pennsylvania state law.  *See id.*

Ms. Griesing chose to file her Complaint in the Southern District of New York, in part, because that is where Richard Rosenbaum works.  CEO Rosenbaum was responsible for making all compensation decisions for Ms. Griesing and all GT shareholders nationwide and for investigating Ms. Griesing's discrimination complaints.  Ex. 1 ¶20.  Additionally, upon information and belief, the Firm established and implemented the compensation policies at issue in its New York office, which is also its largest office.  *Id.*  Finally, CEO Rosenbaum terminated Ms. Griesing's employment during an in-person meeting in the Southern District of New York after she complained about her discriminatory compensation.  *Id.* ¶¶97-105.

On December 3, 2012, with full knowledge that Ms. Griesing was filing her case in the Southern District of New York, GT filed a Petition in this district seeking to compel arbitration. *See* Petition at 3 (acknowledging GT knew Ms. Griesing would be filing her Complaint in the Southern District of New York).[1]  All Ms. Griesing's claims remain pending in the Southern District of New York.

---

[1]    On information and belief, GT filed its Petition in this Court after Ms. Griesing filed her Title VII Complaint in the Southern District of New York.  Had GT filed its Petition before Ms. Griesing filed her Complaint, there would have been no controversy for this court to decide.  *See* 9 U.S.C. § 4 (authorizing courts to consider petitions only in cases in which the adverse party "fail[s], neglect[s] or refus[es] to arbitrate the dispute").  Thus, dismissal or transfer of GT's Petition would be appropriate even if GT had been the first to file.

## III.     LEGAL STANDARD

### A.      Motion to Transfer Under Title VII.

Venue in Title VII cases is governed by the specific, unique venue provision of the statute, not by the general venue provisions of 28 U.S.C. § 1391.  *See* 42 U.S.C. § 2000e-5(f)(3); *Brookins v. Red Clay Consol. Sch. Dist.*, No. 07-3374, 2007 U.S. Dist. LEXIS 90093, at *9-10 (E.D. Pa. Dec. 6, 2007) (transferring case to a district where venue would be proper under Title VII's exclusive venue provision).  Under Title VII, "an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3); *EEOC v. Univ. of Penn.*, 850 F.2d 969, 976 (3d Cir. 1988).  As courts in this district have noted, "this broad provision for alternative forums was necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances."  *Moy v. Rose View Ctr.*, No. 05-6300, 2006 U.S. Dist. LEXIS 87757, at *10 (E.D. Pa. Dec. 5, 2006) (internal quotation omitted); *Dwyer v. ITEQ-Integrated Techs., Inc.*, No. 02-4353, 2003 U.S. Dist. LEXIS 12251, at *3 (E.D. Pa. June 16, 2003) (same).

### B.      Motion to Transfer Under  28 U.S.C. § 1404(a).

A court has authority to transfer any civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses or in the interest of justice.  28 U.S.C. § 1404(a); *Verona v. U.S. Bancorp*, No. 08-4104, 2009 U.S. Dist. LEXIS 14863, *18-19 (E.D. Pa. Feb. 23, 2009) (Goldberg, J.).  Thus, this Court is authorized to transfer Ms. Griesing's action to the proper venue.  In resolving venue disputes, the Court must "accept

the plaintiff's allegations as true and must draw all reasonable inferences and resolve all factual disputes in the plaintiff's favor." *Aetna, Inc. v. Jones*, No. 06-CV-2245, 2007 U.S. Dist. LEXIS 5689, *6 (E.D. Pa. Jan. 24, 2007) (JCJ) (citing *Cumberland Truck Equipment Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 418 (E.D. Pa. 2005)).

A district court may also dismiss any action in favor of a related action pending in another jurisdiction. *See Honeywell v. Int'l Union*, No. 11-4557, 2012 U.S. App. LEXIS 22239, *11-12 (3d Cir. Oct. 26, 2012) (granting a motion to dismiss in favor of related action pending in another jurisdiction); *Univ. of Penn.*, 850 F.2d at 978 (same).

## IV.   LEGAL ARGUMENT

### A.   This Matter Should Be Dismissed or Transferred Under Title VII.

This matter should be transferred to the Southern District of New York pursuant to 42 § U.S.C. 2000e-5(f)(3). The unlawful employment practices alleged in this case occurred within that district. "Title VII defines the term 'unlawful employment practice' in relevant part as an employer's action to discharge any individual, or otherwise to discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin . . . ." *Berg v. Aetna Freight Lines*, No. 07-1393, 2008 U.S. Dist. LEXIS 54905, at *6-7 (W.D. Pa. July 14, 2008) (internal quotation omitted). "In determining where an alleged discriminatory practice occurred, courts look not only to where the decisions were made, but also to where the discriminatory acts took place." *Id.* (internal quotation omitted). In her Complaint, Ms. Griesing alleges the following unlawful employment practices, all of which occurred in the Southern District of New York: GT applied its compensation policies, which resulted in GT compensating her less than similarly situated male shareholders, GT made the decision to compensate her less than similarly situated male

shareholders, GT failed to investigate adequately Ms. Griesing's compensation complaints and GT retaliated against Ms. Griesing, ultimately by terminating her employment.  Accordingly, resolution of Ms. Griesing's claims and GT's defenses by the Southern District of New York is specifically contemplated by Title VII's venue provision.  42 U.S.C. § 2000e-5(f)(3); *see also Sandler v. Donley*, No. 09-6257, 2011 U.S. Dist. LEXIS 61190, at \*9 (D.N.J. June 8, 2011) (finding Title VII venue is appropriate in a district in which the alleged improper conduct occurred); *cf. Brookins v. Red Clay Consol. Sch. Dist.*, No. 07-3374, 2007 U.S. Dist. LEXIS 90093, at \*5-6 (E.D. Pa. Dec. 6, 2007) (venue not proper in district where termination did not occur).

GT cannot escape 42 U.S.C. § 2000e-5(f)(3) merely by filing a related matter in another jurisdiction.  As has been repeatedly noted by courts within this Circuit, venue in Title VII cases is controlled by the specific venue provisions set forth in that statute.  *See, e.g.*, *Cawley v. Advocacy Alliance*, No. 11-6745, 2012 U.S. Dist. LEXIS 29320, at \*7 (E.D. Pa. Mar. 6, 2012) (RLB) (noting that, in enacting Title VII, "Congress has provided specific provisions that control the proper venue of a claim"); *see also Ablestein v. Johannes*, No. 06-3038 (JLL), 2007 U.S. Dist. LEXIS 46314, at \*7 (D.N.J. May 23, 2007) (noting that "[v]enue in employment discrimination cases is controlled by the venue provisions of Title VII, rather than the general federal venue statute, 28 U.S.C. § 1391(e)," and upholding Magistrate Judge's decision to transfer case to New Jersey on ground that "a substantial part of the alleged unlawful employment practices were committed by the plaintiff's former supervisor in New Jersey [where supervisor allegedly made a false and discriminatory statement that led to denial of position], a portion of the relevant records are located in New Jersey, and that district is the site of a pending related case").  Indeed, "[f]or employment discrimination cases, the Title VII venue provisions

are exclusive." _Silva v. Mayo Clinic_, No. 04-1519, 2004 U.S. Dist. LEXIS 13262, at *3-4 (E.D. Pa. July 12, 2004) (granting employer's § 1406(a) motion to transfer to the "District of Minnesota [which] meets each of the Title VII requirements and is the exclusive venue for the adjudication of plaintiff's claims").

Ms. Griesing properly filed her Title VII claims in the Southern District of New York, where her claims are pending.  Venue is proper in that the district even though this District is where Ms. Griesing's was employed.  _See, e.g_, _Berg_, U.S. Dist. LEXIS 54905, *7 ("It is true that not all of the relevant acts alleged by Berg took place in Pennsylvania, but a number of them did. Thus, the venue requirements of Section 2000e-5(f)(3) are met.").  Accordingly, this matter should be dismissed or transferred to the Southern District of New York, where Ms. Griesing's Title VII claims are pending.

**B.     This Matter Should Be Dismissed or Transferred Under 28 U.S.C. § 1404(a).**

This matter should be dismissed or transferred to the Southern District of New York because the interests of justice strongly weigh in favor of transferring this action, as does the convenience of the parties and witnesses.  Additionally, GT's Petition could have been brought in the Southern District of New York.

**i.     The Interests of Justice Strongly Indicate This Court Should Dismiss or Transfer This Matter.**

This Court should dismiss or transfer this matter in light of the pending action in the Southern District of New York because doing so furthers the interests of justice.

First, Ms. Griesing's choice of forum should be given great weight.  _Lony v. E.I. Du Pont de Nemours & Co._, 935 F.2d 604, 608 (3d Cir. 1991) ("When a plaintiff brings an action in a court with jurisdiction . . . a plaintiff's choice of forum should rarely be disturbed."); _Mollinger v. Diversified Printing Corp._, No. 88-8301, 1989 U.S. Dist. LEXIS 11655, at *23 (E.D. Pa. Sept.

28, 1989) (holding in a Title VII case that the plaintiff's choice of forum is given "great weight").  A plaintiff's choice of forum is given additional deference in Title VII cases, where Congress intended for civil rights litigants to have their choice of forum.  Indeed, a broad venue provision in Title VII "was necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances."  *Moy*, 2006 U.S. Dist. LEXIS 87757, at *10; *Dwyer*, 2003 U.S. Dist. LEXIS 12251, at *3; *see also Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 961 (M.D. Tenn. 2008) ("Congress enacted a specific venue provision directly in Title VII, in part, to ensure that an aggrieved party would be afforded a range of choices in selecting her judicial forum, and thereby reduce some of the obstacles she may confront to fairly enforce her civil rights.").

While GT is nominally the plaintiff in this action, Ms. Griesing is the actual aggrieved party, and thus the "natural plaintiff."  Indeed, GT asserts no claims against Ms. Griesing either here or in the Southern District of New York.  *See Univ. of Penn.*, 850 F.2d at 978; *Nat'l Foam v. Williams Fire & Hazard Control*, No. 97-3105, 1997 U.S. Dist. LEXIS 16734, at *25 (E.D. Pa. Oct. 28, 1997) (transferring a matter because the declaratory judgment plaintiff was forum shopping, and its "actions constitute[d] a[n] . . . attempt to preempt the 'natural plaintiff' in its choice of forum").  As such, Ms. Griesing's choice of forum should prevail.  *See, e.g.*, *EMS Acquisition Corp. v. Structure Probe, Inc.*, No. 07-03084, 2008 U.S. Dist. LEXIS 10197, *13-14 (E.D. Pa. Feb. 11, 2008) (a party that files a "declaratory action or engage[s] in other tactics in order to deprive  the natural plaintiff of its choice of forum" is entitled to less deference in its choice of forum); *see also Univ. of Penn.*, 850 F.2d at 978; *Newsweek, Inc. v. United States Postal Service*, 652 F.2d 239, 243 (2d Cir. 1981) ("The interests of justice favors retention of

jurisdiction in the forum chosen by an aggrieved party where, as here, Congress has given [her] a choice.").

Second, GT's initiation of preemptive litigation in this district after it knew Ms. Griesing intended to file in the Southern District of New York, *see* Petition at 3, is blatant forum shopping that this Court should not condone. The Third Circuit has consistently held that parties cannot file preemptive lawsuits in an attempt to force actual aggrieved parties to litigate their claims in a forum they have not selected. *See e.g.*, *Honeywell*, 2012 U.S. App. LEXIS 22239, at *11-12 (affirming the district court's dismissal of an employer's declaratory judgment action in part because the lawsuit was filed in an attempt to deprive the actual aggrieved party of its choice of forum); <u>Univ. of Penn.</u>, 850 F.2d at 978 (rejecting an argument that related cases should be determined where the first case was filed because "at least one of the filing party's motives [was] to circumvent local law and preempt an imminent . . . action"). As such, this case should be dismissed or transferred to the Southern District of New York.

Third, this case is "related" to the action pending in the Southern District of New York under this Court's Local Rules. Local Rule 40.1 defines related as "involv[ing] the same issue of fact or grow[ing] out of the same transaction as another suit" and allows for a "related" case to be reassigned to a judge within the same district. E.D. Pa. Local R. 40.1(b)(3)(A); *see also, e.g.*, <u>Sellers v. Timoney</u>, No. 01-3760 *et al.*, 2002 U.S. Dist. LEXIS 25712, at *9 (E.D. Pa. Feb. 6, 2002) (transferring case because the central events underlying it were the same as those in another case). The rule "is intended to foster judicial economy by allowing one judge to consider all actions arising out of the same transaction, while avoiding any possible confusion and prejudice that might befall parties if they were directed to the same judge but were pursuing

dissimilar actions." *Meijer, Inc. v. Biovail Corp.*, No. 08-2431 *et al.*, 2008 U.S. Dist. LEXIS 58135, at *13 (E.D. Pa. July 30, 2008) (internal quotation omitted).

Courts also grant motions to transfer under 28 U.S.C. § 1404(b) in cases that are "related" to cases in another jurisdiction under the rationale of Local Rule 40.1(b)(3)(A).  *See, e.g.*, *Montgomery v. Schering-Plough Corp.*, No. 07-194, 2007 U.S. Dist. LEXIS 12709, at *4-5 (E.D. Pa. Feb. 22, 2007) (granting motion to transfer venue to Connecticut pursuant to 28 U.S.C. § 1404(a) because the case was related to a matter there).  GT's Petition is related to Ms. Griesing's pending case in the Southern District of New York.  The two cases involve the same central events; to the extent GT's Petition raises any actual controversy for this Court to decide, it is only in light of the Complaint Ms. Griesing filed in the Southern District of New York.  Thus, GT's Petition should be dismissed or transferred pursuant to 28 U.S.C. § 1404(b) because it is related to Ms. Griesing's Complaint.

Finally, GT would suffer no prejudice if this matter were dismissed or transferred to the Southern District of New York.  As set forth above, GT has no claims pending against Ms. Griesing.  GT can make the same arguments raised in its Petition in a motion to compel arbitration properly filed in the Southern District of New York.  *See, e.g.*, *Lloyd v. Hovensa*, 369 F.3d 263, 266 (3d Cir. 2004) (Defendant in a Title VII case filed motion to compel arbitration); *Duraku v. Tishman Speyer Props., Inc.*, 714 F. Supp. 2d 470, 472 (S.D.N.Y. 2010) (same).

> ii.     **The Convenience of the Parties and Witnesses Weigh in Favor of Dismissal or Transfer.**

The second factor—convenience of the parties and witnesses—also weighs in favor of dismissing or transferring GT's Petition to the Southern District of New York.  GT is located in the Southern District of New York.  Ex. 1 ¶20.  It transacts a substantial portion of its business out of its New York office.  *Id.*  Its New York office is also the Firm's largest office.  *Id.* The

primary witness in this matter is CEO Richard Rosenbaum, who offered Ms. Griesing employment, made all decisions regarding Ms. Griesing's compensation, investigated Ms. Griesing's compensation complaints, and, ultimately terminated Ms. Griesing's employment. CEO Rosenbaum works out of GT's office in New York City. *Id.* Thus, this factor also weighs in favor of dismissing or transferring this matter.

### iii. GT's Petition Could Have Been Brought in the Southern District of New York.

The third and final factor also weighs in favor of dismissal or transfer.  GT could have filed its Petition in the Southern District of New York.  The Federal Arbitration Act, 9 U.S.C. § 4, provides that a petition compelling arbitration may be filed in "any United States district court" that would have jurisdiction "save for" the alleged arbitration agreement.  9 U.S.C. § 4. As explained below, absent the alleged arbitration agreement in this case, Ms. Griesing could properly bring her Title VII and EPA claims against GT in the Southern District of New York, in which jurisdiction and venue are proper.

The Southern District of New York has jurisdiction over GT.  Indeed, Petitioner does not even suggest that that Court lacks jurisdiction to determine the merits of its Petition.  The Firm transacts significant business in the State of New York.  N.Y. CLS CPLR § 302(a)(1) (providing for personal jurisdiction over companies that "transact[] any business within the state or contract[] anywhere to supply goods or services in the state").  As Ms. Griesing alleges in her Complaint, GT maintains its largest office in New York and the Firm is governed from New York by CEO Richard Rosenbaum.  Ex. 1 ¶18.  Additionally, Courts within New York frequently exercise jurisdiction over GT.  *See, e.g.*, *Levinton Mfg v. Greenberg Traurig, LLP*, No. 09-08083 (S.D.N.Y. Sept. 22, 2009); *Kilkenny v. Greenberg Traurig, LLP*, No. 05-06578

(S.D.N.Y. July 20, 2005); *Dispute Resolution Management, Inc. v. Greenberg Traurig, LLP*, No. 03-03501 (S.D.N.Y. May 15, 2003).

Venue is also proper in the Southern District of New York.  Venue for Ms. Griesing's claims, brought under Title VII and the EPA, is also proper in the Southern District of New York because the "unlawful employment practice is alleged to have been committed" in New York. *See* 42 U.S.C. § 2000e-5(f)(3); *Univ. of Penn.*, 850 F.2d at 978; *see also Bolar v. Frank*, 938 F.2d 377, 378 (2d Cir. 1991).  As articulated in Ms. Griesing's Southern District of New York Complaint, GT's unlawful employment practices occurred in the Southern District of New York. It was from New York that GT made decisions regarding Ms. Griesing's compensation.  From New York, Richard Rosenbaum conducted Ms. Griesing's annual reviews and was responsible for investigating Ms. Griesing's compensation discrimination complaints.  Finally, GT terminated Ms. Griesing at an in-person meeting in the Southern District of New York.  As such, venue for Ms. Griesing's claims is proper in the Southern District of New York.  42 U.S.C. § 2000e-5(f)(3).

## V.      CONCLUSION

For these reasons, Ms. Griesing respectfully requests that this Court dismiss GT's Petition or transfer this matter to the Southern District of New York.


Respectfully submitted,


/s/ Jodi S. Wilenzik
NEIL J. HAMBURG
JODI S. WILENZIK
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443
(215) 255-8592 (phone)
(215) 255-8583 (fax)
hamburgnj@hamburg-golden.com
wilenzikjs@hamburg-golden.com

David W. Sanford (DC Bar No. 457933)
*Motion for Admission Pro Hac Vice forthcoming*

Katherine M. Kimpel (DC Bar No. 493028)
*Motion for Admission Pro Hac Vice forthcoming*

Kate Mueting (DC Bar No. 988177)
*Motion for Admission Pro Hac Vice forthcoming*

**SANFORD HEISLER, LLP**
1666 Connecticut Ave, N.W.
Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5200
Facsimile: (202) 742-7776

Dated:  December 12, 2012          Counsel for Francine Griesing

15

## CERTIFICATE OF SERVICE

I, Jodi S. Wilenzik, hereby certify that the foregoing Motion of Respondent Francine Griesing to Dismiss or, Alternatively, for a Change of Venue Pursuant to 28 USC § 1404(a), and supporting brief, has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System.  I further certify that a copy was served by regular mail on December 12, 2012, on the following:

> Scott Bennett Freemann
> Freemann Law Offices, P.C.
> One Logan Square, Suite 2675
> 18th & Cherry Streets
> Philadelphia, PA  19103

> William H. Jeffress, Jr., Esquire
> Baker Botts LLP
> 1299 Pennsylvania Avenue, N.W.
> The Warner
> Washington, DC  20004-2400

> ***Counsel for Greenberg Traurig, P.A. and Greenberg Traurig, LLP***

/s/ Jodi S. Wilenzik
JODI S. WILENZIK