**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GREENBERG TRAURIG, P.A.,
GREENBERG TRAURIG LLP,

    **Petitioners,**

    **v.**          **Civil Action No. 12-cv-6718**

FRANCINE GRIESING,

    **Respondent.**

**PETITIONERS' OPPOSITION TO RESPONDENT'S MOTION TO DISMISS OR FOR CHANGE OF VENUE**

   Petitioners Greenberg Traurig, P.A. and Greenberg Traurig LLP (collectivity "GT"), through counsel, submit this memorandum in opposition to respondent Francine Griesing's Motion to Dismiss Or, Alternatively, For a Change of Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion"), filed December 12, 2012 (Doc. 9).  Ms. Griesing is wrong that this petition could have been filed in, or could be decided by, the Southern District of New York, and her choice of forum for her employment discrimination claims has no bearing on the appropriate venue for this petition to compel arbitration.

   In her Shareholders' Agreement with GT, Ms. Griesing agreed that any arbitration related to her employment would occur in Philadelphia, Pennsylvania, where she worked and was compensated, or in Miami, Florida, where GT has its home office.  Because of that Agreement, this is the *only* court (other than the Southern District of Florida) that has the authority under 9 U.S.C. § 4 to compel arbitration of Ms. Griesing's discrimination claims.  Thus, contrary to the argument in her motion, GT's petition could not have been filed in the Southern District of New

York.  Nor may the petition be transferred there under 28 U.S.C. § 1404(a), as that court does not have the authority to compel arbitration in this case.

The foregoing is wholly dispositive of Ms. Griesing's motion and this Court should proceed to rule on GT's petition to compel.

## STATEMENT OF FACTS

Defendant Francine Griesing was a shareholder of Greenberg Traurig, P.A., and a lawyer practicing in the Philadelphia office of its affiliate Greenberg Traurig LLP, from April 2007 until January 8, 2010, when she submitted a letter of resignation.  When she first became a shareholder, Ms. Griesing executed a Shareholders' Agreement requiring that all claims or disputes related to her employment be settled by arbitration in Miami, Florida.  Prior to her resignation, she executed an amended and restated Shareholders' Agreement, requiring that all claims or disputes concerning her employment be submitted to arbitration either in Miami or "in the city in which the Shareholder is employed by the Corporation or an Affiliated Law Firm, or at any other location mutually agreed upon by the Corporation and such Shareholder . . . ." (Doc. 1-2 at 5).  Ms. Griesing was at all times employed by GT in Philadelphia, and GT has not agreed to arbitrate at any location other than Miami or Philadelphia.

In September 2009, Ms. Griesing made a claim of gender discrimination at the Philadelphia office of the EEOC.  In June 2012, the EEOC issued a Determination finding "reasonable cause to believe" that Ms. Griesing was undercompensated in comparison to a male shareholder, and "reasonable cause to believe" that other female shareholders in the Philadelphia office were similarly undercompensated.  The EEOC proposed a conciliation agreement, but Ms. Griesing rejected it, hired new counsel, and threatened to file a class action lawsuit in federal court.  Mediation was unsuccessful.  Despite repeated demands by GT that she comply with the

Shareholders' Agreement by submitting her claims to arbitration, and despite the fact that the EEOC had not granted her the right to sue, Ms. Griesing filed a 52-page complaint under Title VII and the Equal Pay Act in the Southern District of New York on December 3, 2012.  That case is pending before the Hon. William H. Pauley, but no action has yet been taken by the parties or the Court.

The same day Ms. Griesing filed her complaint, GT filed its petition in this Court under the FAA seeking to compel arbitration of Ms. Griesing's claims.  Ms. Griesing has responded by moving to dismiss the petition or to transfer it to the Southern District of New York.

## ARGUMENT

### I. Only This Court, Not The Southern District of New York, May Order Arbitration Under 9 U.S.C. § 4

Almost the entirety of Ms. Griesing's motion is spent arguing that the Southern District of New York is an appropriate venue for her employment discrimination claims.  That issue is beside the point.  In deciding the appropriate forum for GT's petition to compel arbitration, the only relevant issue is which court has the authority to grant the petition.  Under well-settled law, only this Court, not the Southern District of New York, has that authority.  Ms. Griesing's argument that GT's petition could have been filed in the Southern District of New York ignores the text of 9 U.S.C. § 4, the consistent precedent in this Circuit as well as multiple other courts including the Second Circuit, and the clear language of the Shareholders' Agreement between GT and Ms. Griesing.

Ms. Griesing fails to quote or acknowledge the provision of 9 U.S.C. § 4 requiring that "[t]he hearing and proceedings, under such [arbitration] agreement, shall be within the district in which the petition for an order directing such arbitration is filed."  As the Third Circuit and numerous other courts have held, based on this language, when an arbitration agreement

3

specifies the location where the arbitration is to take place, the petition *must* be filed in the federal district encompassing that location.  Because the only two locations specified in GT's Shareholders' Agreement for the arbitration of Ms. Griesing's claims are Philadelphia and Miami, only the Eastern District of Pennsylvania and the Southern District of Florida have the authority to compel arbitration.  Thus, GT's petition could not have been brought in the Southern District of New York and cannot be transferred to that district.

In *Econo-Car International, Inc. v. Antilles Car Rentals Inc.*, 499 F.2d 1391 (3d Cir. 1974), the district court of the Virgin Islands had granted a petition to compel arbitration in New York City, which is where the agreement required that arbitration occur.  *Id.* at 1392 & n.3.  The Third Circuit reversed and dismissed the petition, holding that Section 4's "requirement that arbitration take place in the district court where the petition is filed is clear and unequivocal" and thus the district court erred in ordering arbitration to occur outside its own district.  *Id.* at 1394; *see also Control Screening LLC v. Technological Application and Prod. Co. (Tecapro), HCMC-Vietnam*, 687 F.3d 163, 171 (3d Cir. 2012) (recognizing the continued vitality of the holding in *Econo-Car* and affirming the district court's decision to compel arbitration in its own district).

Following the holding in *Econo-Car*, "the majority of district courts [in the Third Circuit] to address the issue . . . have held that they lacked authority to compel arbitration at all, even in their own districts, when the agreement specifies that arbitration is to take place in a different venue."  *Port Erie Plastics Inc. v. Uptown Nails LLC*, 173 F. App'x 123, 128 (3d Cir. 2006) (collecting cases).[1]  *See also Shaffer v. Graybill*, 68 F. App'x 374 (3d Cir. 2003), in which the

---

[1]    The district court cases cited in *Port Erie Plastics* were *Feinberg v. Association of Trial Lawyers Assurance*, No. CIV.A. 01-6966, 2002 WL 31478866, at *2-3 (E.D. Pa. Nov. 4, 2002); *Poole v. L.S. Holding Inc.*, 2001 WL 1223748, at * 2 (D.V.I. Aug. 20, 2001); *General America Life Ins. Co. v. International Ins. Co.*, 2000 U.S. Dist. LEXIS 22092, at *17 (D.N.J. 2000); *Bosworth v. Ehrenreich*, 823 F. Supp. 1175 (D.N.J. 1993); and *Alpert v. Alphagraphics*

court found that the subject claims were subject to arbitration, but "[b]ecause a district court may not compel arbitration outside of the district in which it sits," it directed the district court to dismiss the action or transfer it to a court where arbitration could be compelled. *Id.* at 377. Based on this controlling precedent, GT's petition was appropriately brought in and must be decided by this Court. It could not be brought in the Southern District of New York, which does not have the authority to compel arbitration in either of the places specified in the Shareholders' Agreement.

The Second Circuit and its district courts have similarly held that a court cannot compel arbitration outside of its own district. *Aaacon Auto Transport, Inc. v. Ninfo*, 490 F.2d 83 (2d Cir. 1974), is instructive. As here, the respondent had previously filed suit in a location other than that provided by the parties' arbitration agreement, and the petitioner sought to compel arbitration in the district provided for in the agreement. *Id.* at 83–84. Like Ms. Griesing, the respondent moved to change the venue of the petition, a motion which the district court in *Aaacon* granted. *Id.* at 84. The Second Circuit disagreed, finding that because the "agreement on its face provides for arbitration in New York and . . . the petition was filed in the Southern District of New York," the district court should have decided the petition and "lacked the power to order the transfer of the case." *Id.* at 84.

Multiple judges in the Southern District of New York—where Ms. Griesing seeks to have this case transferred—have also resoundingly concluded that only a court in the district where arbitration is required to take place may entertain a petition to compel arbitration. In *Petition of*

---

*Franchising Inc.*, 731 F. Supp. 685 (D.N.J. 1990). The Court also cited one case, *Steedle v. Zimmerman*, No. 02-CV-0089, 2002 WL 1925702 (E.D. Pa. Feb. 13, 2002), as holding to the contrary. In that case, the district court mistakenly assumed that *Econo-Car* required that courts compel arbitration in their own districts, even if the parties' arbitration agreement stipulated another location. *Id.* at *2–3.

*the Home Insurance Company*, 908 F. Supp. 180 (S.D.N.Y. 1995), the plaintiff had filed her

lawsuit in Wisconsin, and the defendant (Home Insurance Company) filed a petition to compel

arbitration in the Southern District of New York where, according to the arbitration agreement,

the arbitration was to take place.  *Id.* at 182.  As here, the plaintiff moved to dismiss or transfer

the petition to Wisconsin based on arguments of venue and the "first filed" doctrine.  The court

denied the motion, stating:  "Because the arbitration clause in the Premium Agreement on which

Home relies expressly provides that arbitration will take place in New York…, Home could not

obtain an order to compel arbitration in the Wisconsin action."  *Id.* at 182.  The court held that

"the only court capable of ordering arbitration in this dispute is this one," where the arbitration

could take place.  *Id.*[2]

These decisions of the Second and Third Circuits and their district courts are consistent

with the holdings of the Sixth, Seventh, and Tenth Circuits.  *See Ansari v. Qwest Comms. Corp.*,

414 F.3d 1214, 1219–20 (10th Cir. 2005) (adopting the majority view that "where the parties

agreed to arbitrate in a particular forum only a district court in that forum has authority to compel

arbitration under § 4"); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1018

(6th Cir. 2003); *Management Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 854 (6th Cir. 1997);

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) ("[T]his

---

[2]    *See also J.P. Morgan Secs. Inc. v. Louisiana Citizens Prop. Ins. Corp.*, 712 F. Supp. 2d 70, 82–83 (S.D.N.Y. 2010) (recognizing that "where the arbitration agreement designates a specific forum, only a district court in that forum may compel arbitration"); *Cap Gemini Ernst & Young U.S. LLC v. Arentowicz*, No. 04 Civ. 0299, 2004 WL 1386145 (S.D.N.Y. June 22, 2004) ("[I]t is well-settled, after all, that an order to compel arbitration can only be moved for and filed in the district in which the arbitration is to take place"); *Sea Spray Holdings v. Pali Fin. Grp., Inc.*, 269 F. Supp. 2d 356, 362 (S.D.N.Y. 2003); *Oil Basins Ltd. v. Broken Hill Proprietary Co. Ltd.*, 613 F. Supp. 483, 486 (S.D.N.Y. 1985); *Lawn v. Franklin*, 328 F. Supp. 791, 793 (S.D.N.Y. 1971) ("the proper District within which the petition for [an order compelling arbitration] should be filed is the District where the 'proceedings' by virtue of the contract of the parties are to take place").

Circuit has concluded that where the arbitration agreement contains a forum selection clause, only the district court *in that forum* can issue a § 4 order compelling arbitration."); *Snyder v. Smith*, 736 F.2d 409, 420 (7th Cir. 1984).

Even though they are dispositive of her motion, Ms. Griesing cites none of these cases.[3] Instead, she represents that "GT's Petition could have been brought in the Southern District of New York," Motion at 9; that GT can "make the same arguments raised in its Petition in a motion to compel arbitration properly filed in the Southern District of New York," Motion at 12; and that GT's filing of the petition in this district is "blatant forum shopping that this Court should not condone." Motion at 11.  All of that is plainly wrong as a matter of well-established law.

## II.   The Proper Venue for Ms. Griesing's Employment Discrimination Suit Is Not An Issue in This Court and Ms. Griesing's Choice of Forum Is Not Entitled to Deference

Ms. Griesing argues that this Court should transfer this case to New York because she filed first and because doing otherwise would deprive her of the forum of her choice.  Motion at 4.  But GT has not asked this Court to disturb the venue she chose for her putative class action lawsuit.  A transfer under 28 U.S.C. § 1404(a) may be made only to a district "where it might have been brought," and for the reasons explained *supra*, GT's petition could not have been brought in the Southern District of New York.  Further, the "first-filed" doctrine has no bearing here because the two suits involve wholly separate determinations.

---

[3]   The two cases cited by Ms. Griesing for the proposition that GT may move to compel arbitration in the Southern District of New York (Motion at 12) are clearly inapplicable.  In *Lloyd v. Hovensa*, 369 F.3d 263 (3d Cir. 2004), the employee filed a Title VII action in the District of the Virgin Islands and the district court granted the employer's motion to compel arbitration.  The arbitration agreement, however, did not contain any designation of a place for arbitration (*see id.* at 266), and the Virgin Islands was the domicile of both the employee and employer.  Similarly, in *Duraku v. Tishman Speyer Properties, Inc.*, 714 F. Supp. 2d 470 (S.D.N.Y. 2010), where the employer and employees were all located in New York, there was no idication that the arbitration agreement specified any place other than New York for arbitration of the Title VII claims.

Multiple courts in the Southern District of New York—where Ms. Griesing seeks to transfer this case—have recognized that the "first-filed" doctrine has no application to a petition to compel arbitration. *See Cap Gemini*, 2004 WL 1386145, at *3; *Raytheon Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 306 F. Supp. 2d 346, 354–55 (S.D.N.Y. 2004); *Home Ins. Co.*, 908 F. Supp. at 182. What these cases hold is that an action seeking to compel arbitration is wholly separate from the underlying action that is sought to be arbitrated, and thus what matters is which court has the authority to compel arbitration.[4]

In *Cap Gemini*, the employee had filed an unlawful termination suit in New Jersey, even though the parties had agreed to arbitrate any disputes in New York City. 2004 WL 1386145, at *2. When Cap Gemini sought to compel arbitration in the Southern District of New York, the employee, like Ms. Griesing here, moved to dismiss on the grounds that her New Jersey suit was the "first-filed" action. *Id.* The court, however, found that the first-filed doctrine had no application because "the issues in the two cases are clearly not the same. The New Jersey action seeks relief under the anti-discrimination laws of New Jersey; the instant case involves compelling arbitration." *Id.* at *3. The court further noted that, given the parties' agreement dictating that arbitration be in New York City, "this Court is the only forum which can properly adjudicate the [petition to compel]" and, if the petition were dismissed, Cap Gemini could not bring the petition to compel in New Jersey. *Id.* at *3 & n.1. *See also Home Ins. Co.*, 908 F.

---

[4] It is also questionable whether Ms. Griesing's complaint was the "first-filed" action. While her complaint was filed in the Southern District of New York approximately two hours before GT's petition was filed in this Court, Ms. Griesing admits that she filed her lawsuit before obtaining a "right to sue" letter from the EEOC (Doc. 9-1 at 7 ¶ 22). A Title VII lawsuit cannot be filed prior to obtaining such a letter. *See Anjelino v. New York Times Comp.*, 200 F.3d 73, 87 (3d Cir. 1999) (stating that it is a "basic tenet" of administrative law "that a plaintiff should timely exhaust all administrative remedies prior to seeking judicial relief"). It appears that Ms. Griesing chose to file before receiving such leave because she mistakenly believed that it was important to win a race to the courthouse.

Supp. at 182–83 ("[T]he first-filed rule is inapplicable [to the petition to compel arbitration] because it only applies where the second-filed action embraces the same issue as the first."). As these cases make clear, it does not matter whether Ms. Griesing or GT filed suit first. All that matters is which court has the authority to compel arbitration.

GT has not yet challenged the venue Ms. Griesing chose for her putative class action lawsuit, and is not by this petition seeking—in Ms. Griesing's words—to "escape" the venue provision for discrimination actions, 42 U.S.C. § 2000c-5(f)(3). If a challenge is made to venue in Ms. Griesing's lawsuit, it will be made before Judge Pauley in the Southern District of New York. Ms. Griesing makes no argument that the venue for *this* action, a petition to compel arbitration, is improper. Nor could she.

This Court is not being asked in any way to address the merits of Ms. Griesing's employment discrimination claims. All the Court is asked to assess is: (1) whether the parties have entered into a valid written agreement to arbitrate, and (2) whether the dispute in question falls within the scope of that agreement. *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005). If the court "determines that there is an agreement to arbitrate and that the issue in dispute falls within the scope of the agreement, it must submit the matter to arbitration without ruling on the merits of the case." *Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*, 247 F.3d 44, 55 (3d Cir. 2001).[5]

---

[5]   To be clear, by filing its petition for arbitration of Ms. Griesing's claims, GT does not consent to classwide arbitration. Whether class claims are arbitrable depends upon whether GT, in its Shareholders' Agreement, has consented to classwide arbitration. *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215 (3d Cir. 2012), *cert. granted*, 2012 WL 3096766 (Nov. 30, 2012). Under the rules of the American Arbitration Association, the question of class arbitrability is for the arbitrator in the first instance, subject to a petition to vacate an order directing class arbitration if it exceeds the arbitrator's power. *See* American Arbitration Association, Supplementary Rules for Class Arbitrations (2003), Rule 3, available at www.adr.org.

Therefore, the argument that "Ms. Griesing's choice of forum should be given great weight" (Motion at 9) is entirely inapplicable to the issue before this Court.  The place of *arbitration* is specified in an agreement to which Ms. Griesing is a party, and that place is Philadelphia.  Ms. Griesing chose the Southern District of New York as the forum for a putative class action suit, not for a petition to compel arbitration.  This Court is the *only* court (other than the Southern District of Florida) which may act upon such a petition.  By doing so, it does not in the least disturb Ms. Griesing's choice of forum, if one were to assume that she has the right to bring any such lawsuit in plain disregard for her contractual duty to arbitrate.

## III.   The Motion Fails to Establish That the Convenience of Parties and Witnesses Would Be Better Served in New York

Ms. Griesing has the burden of proving that transfer of this case is appropriate.  *See Burstein v. Sun Life Assurance Co. of Canada (U.S.)*, Civil Action No. 12-2494, 2012 WL 3517572, at *1 (E.D. Pa. Aug. 14, 2012) (citing *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973)).  Yet, Ms. Griesing offers no evidence of her assertions that the convenience of the parties and witnesses weighs in favor of a transfer of venue under 28 U.S.C. § 1404(a).  She asks this Court to accept her allegations as true and resolve factual disputes in her favor.  Motion at 7 (citing *Aetna Inc. v. Jones*, No. 06-cv-2245, 2007 WL 266423 (E.D. Pa. Jan. 24, 2007)).  But *Aetna* was discussing the appropriate standard when a defendant moves to dismiss for lack of venue under Federal Rule of Civil Procedure 12(b)(3), 2007 WL 266423, at *2.  In this action, it is Ms. Griesing who is challenging GT's choice of venue.  It is the allegations of GT's Petition that must be accepted as true on this motion, absent declarations or other evidence to the contrary, and Ms. Griesing offers nothing but a copy of her unverified complaint in a different lawsuit in the Southern District of New York to support her arguments and challenge venue in this Court.

Further, Ms. Griesing devotes only a single paragraph of her motion to the question of the convenience of parties and witnesses (Motion at 12-13), which is the controlling issue on a motion to transfer.  And apart from noting that GT's largest office is in New York, she offers only one fact—that Richard Rosenbaum, who she describes as "the primary witness in this matter" (*Id.* at 13), works out of that office—to support her argument.  In truth,  as admitted in her complaint in the Southern District of New York, the events at issue and the witnesses to those events are overwhelmingly located in Philadelphia.

Ms. Griesing resides in Philadelphia.  Petition to Compel Arbitration (Doc. 1) at ¶ 2.  She was offered employment by GT in the Philadelphia office.  *Id.*  She worked in Philadelphia.  Her EEOC claim was filed and determined in Philadelphia.  Her complaint in the Southern District of New York attacks what she claims to be "sexism" in the Philadelphia office, which she extrapolates to the entire firm.  S.D.N.Y. Complaint (Doc. 9-1) at ¶ 9.  Of the six witnesses identified by name in her Southern District of New York complaint, only one—Richard Rosenbaum—is in New York, while three—herself, Regional Operating Shareholder Michael Lehr and shareholder Robert Goldich—are in Philadelphia (*Id.* ¶¶ 68, 81, 82, 84), and the other two are located in Miami and Phoenix (*Id.* ¶¶ 85, 88).  There is no legitimate basis to contend that New York, rather than Philadelphia, is a more convenient forum for litigation of her gender discrimination lawsuit.  And there is certainly no basis to contend the Southern District of New York is a more convenient forum to litigate GT's petition to compel arbitration, even were it legally possible to do so, which is the issue before this Court.

## CONCLUSION

For the reasons stated herein, respondent's motion to dismiss the petition to compel arbitration, or, alternatively, for a change of venue pursuant to 28 U.S.C. § 1404(a), should be

denied and this Court should compel respondent to arbitrate her claims in Philadelphia,

Pennsylvania as required by the parties' arbitration agreement.

Respectfully submitted,

December 21, 2012                          Freemann Law Offices
                                            A Professional Corporation

                                            /s/ Scott Bennett Freemann
                                            _____
                                            Richard Z. Freemann, Jr., Esq.
                                            Attorney ID Number 02549
                                            rzf@freemannlaw.com
                                            Scott Bennett Freemann, Esq.
                                            Attorney ID Number 82030
                                            sbf@freemannlaw.com
                                            One Logan Square, Suite 2675
                                            18th & Cherry Streets
                                            Philadelphia, PA 19103
                                            Tel: (215) 564-7400
                                            Fax: (215) 564-7406

                                            /s/ William H. Jeffress, Jr.
                                            _____
                                            William H. Jeffress, Jr., Esq.
                                            Baker Botts LLP
                                            1299 Pennsylvania Ave., NW
                                            Washington DC 20004
                                            Tel: (202) 639-7700
                                            Fax: (202) 585-1087
                                            william.jeffress@bakerbotts.com

                                            /s/ Bettina B. Plevan
                                            _____
                                            Bettina B. Plevan, Esq.
                                            Proskauer LLP
                                            11 Times Square
                                            New York, NY 10036-8299
                                            Tel. 212-969-3065
                                            Fax 212-969-2900
                                            bplevan@proskauer.com

                                            *Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

I, Scott Bennett Freemann, hereby certify that on December 21, 2012, I caused a copy of the foregoing to be electronically filed with the United States District Court, Eastern District of Pennsylvania, and notice will be served by operation of the Court's electronic filing system on representatives of all parties to this litigation.  I further certify that a copy of the foregoing was served by regular mail on December 21, 2012, on the following:

Neil J. Hamburg, Esq.
Jodi S. Wilenzik, Esq.
Hamburg & Golden, P.C.
1601 Market Street, Suite 3310
Philadelphia, PA 19103-1443

Kate Mueting, Esq.
Sanford Heisler, LLP
1666 Connecticut Ave, N.W.
Suite 300
Washington, D.C. 20009

/s/ Scott Bennett Freemann
_____
Scott Bennett Freemann, Esq.
Attorney ID Number 82030

*Attorney for Petitioners*

13