**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**GREENBERG TRAURIG, P.A.,
GREENBERG TRAURIG LLP,**

        **Petitioners,**

    **v.**                    **Civil Action No. 12-cv-6718**

**FRANCINE GRIESING,**

        **Respondent.**

**<u>PETITIONERS' RESPONSE TO RESPONDENT'S "OBJECTION"</u>**

Petitioners hereby respond to the "Objection" filed by Respondent on January 11, 2013 (Doc. 21).  Ms. Griesing objects to statements in Petitioners' Surreply, including the Declaration of William H. Jeffress, Jr., which addressed the assertion in her Reply that Greenberg Traurig never demanded arbitration of her claims.

In a declaration attached to her Reply, Ms. Griesing stated that "[Greenberg Traurig] has never demanded that I arbitrate my claims."  Doc. 15-1 at 15.  On the basis of that declaration, she argued that GT's representation that it had demanded arbitration was "false and completely unsupported by any evidence."  *Id.* at 3.  In Petitioners' Surreply, and the declaration of Mr. Jeffress attached thereto, GT provided the evidence, detailing four separate occasions on which a demand for arbitration was made to Ms. Griesing's counsel, David Sanford.  The first was a meeting on August 3, 2012, *before* the parties entered mediation.  The second was a meditation statement served upon Mr. Sanford October 5, 2012.  Greenberg Traurig's Surreply revealed only what <u>GT</u> said in this statement; it revealed nothing said or done by Ms. Griesing or by the mediator, nor anything remotely confidential.  The third and fourth occasions were telephone

conversations between Mr. Jeffress and Mr. Sanford on November 20 and November 29, 2012, *after Ms. Griesing had unilaterally terminated the mediation*.

Ms. Griesing incorrectly contends that the foregoing communications are subject to Federal Rule of Evidence 408. Ms. Griesing fails to acknowledge that Rule 408 bars admission of evidence only when it is offered "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," and allows evidence of statements made in settlement negotiations when offered "for another purpose." Fed. R. Evid. 408. *See Ciolli v. Iravani*, 625 F. Supp. 2d 276, 286 (E.D. Pa. 2009) ("As expressed by FRE 408, the introduction of evidence of settlement negotiations is admissible for some purposes but not others."). Nothing about the communications with Mr. Sanford has been offered by GT to prove anything about the "validity or amount" of Ms. Griesing's claims of gender discrimination. It has been offered "for another purpose," namely to prove notice to her of a demand for arbitration. The Advisory Committee Notes to the 2006 amendment of Rule 408 unequivocally permit such use: "The amendment does not affect the case law providing that Rule 408 is inapplicable when evidence of the compromise is offered to prove notice." Fed. R. Evid. 408 Advisory Committee Notes 2006 Amendment (citing *United States v. Austin*, 54 F.3d 394 (7th Cir. 1995); *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987)). Thus, "Rule 408 does not stretch so far as to encompass evidence . . . offered to show notice-not wrongdoing . . . ." *Bowers v. City of Philadelphia*, Civil Action No. 06-3229, 2008 WL 5234318, at *6 (E.D. Pa. Dec. 12, 2008) (citing Fed. R. Evid. 408 Advisory Committee Notes); *Ciolli*, 625 F. Supp. 2d at 288 (excluding evidence that bore on party's liability, but noting that "courts will admit settlement evidence pursuant to FRE 408 for purposes of demonstrating knowledge");

*Providence Town Center LP v. Raymours Furniture Co., Inc.*, Civil Action No. 09-3902, 2008 WL 3821935, at *3 (E.D. Pa. Nov. 13, 2009) (same, quoting *Ciolli*).

Nor is the evidence offered to prove a "prior statement or a contradiction." Rule 408(a). It is not Ms. Griesing's statements, or even those of her lawyer, that GT seeks to prove. It is GT's own statements demanding that she submit her claim to arbitration, which Ms. Griesing herself has put at issue through her declaration. It would be incongruous to permit a party to deny under oath that she was put on notice of a demand, and at the same time to argue that evidence disproving her denial is inadmissible because it occurred during settlement negotiations.

Respectfully submitted,

January 15, 2013

Freemann Law Offices
A Professional Corporation

/s/ Scott Bennett Freemann
Scott Bennett Freemann, Esq.
Attorney ID Number 82030
sbf@freemannlaw.com
One Logan Square, Suite 2675
18th & Cherry Streets
Philadelphia, PA 19103
Tel: (215) 564-7400
Fax: (215) 564-7406

/s/ William H. Jeffress, Jr.

William H. Jeffress, Jr.
Baker Botts LLP
1299 Pennsylvania Ave., NW
Washington DC 20004
Tel: (202) 639-7700
Fax: (202) 585-1087
william.jeffress@bakerbotts.com

/s/ Bettina B. Plevan
_____

Bettina B. Plevan
Proskauer LLP
11 Times Square
New York, NY 10036-8299
Tel. 212-969-3065
Fax 212-969-2900
bplevan@proskauer.com

*Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2013, I caused a copy of the foregoing and its attachments to be electronically filed with the United States District Court, Eastern District of Pennsylvania, and notice will be served by operation of the Court's electronic filing system on representatives of all parties to this litigation.


January 15, 2013                                    /s/ Scott Bennett Freemann
                                                    Scott Bennett Freemann, Esq.
                                                    Attorney ID Number 82030

                                                    *Attorney for Petitioners*