IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENBERG TRAURIG, P.A.,
GREENBERG TRAURIG LLP,

        Petitioners,

    v.                             Civil Action No. 12-cv-6718

FRANCINE GRIESING,

        Respondent.

## PETITIONERS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

Petitioners Greenberg Traurig, P.A. and Greenberg Traurig LLP, by and through their undersigned counsel, respectfully move this Court for an Order granting leave to supplement the record in this matter with the attached Declaration of William H. Jeffress, Jr. and exhibit. The grounds for this Motion are more fully stated in the accompanying memorandum.

                                        Respectfully submitted,

February 7, 2013                        Freemann Law Offices
                                          A Professional Corporation

                                        /s/ Scott Bennett Freemann
                                        Scott Bennett Freemann, Esq.
                                        Attorney ID Number 82030
                                        sbf@freemannlaw.com
                                        One Logan Square, Suite 2675
                                        18th & Cherry Streets
                                        Philadelphia, PA 19103
                                        Tel: (215) 564-7400
                                        Fax: (215) 564-7406

                                        /s/ William H. Jeffress, Jr.

                                        William H. Jeffress, Jr.
                                        Baker Botts LLP
                                        1299 Pennsylvania Ave., NW
                                        Washington DC 20004
                                        Tel: (202) 639-7700
                                        Fax: (202) 585-1087

william.jeffress@bakerbotts.com

/s/ Bettina B. Plevan
_____

Bettina B. Plevan
Proskauer LLP
11 Times Square
New York, NY 10036-8299
Tel. 212-969-3065
Fax 212-969-2900
bplevan@proskauer.com

*Attorneys for Petitioners*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENBERG TRAURIG, P.A.,
GREENBERG TRAURIG LLP,

      Petitioners,

      v.                                  Civil Action No. 12-cv-6718

FRANCINE GRIESING,

      Respondent.

## PETITIONERS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

Petitioners Greenberg Traurig, P.A. and Greenberg Traurig LLP, by and through their undersigned counsel, respectfully move this Court for an Order granting leave to supplement the record in this matter with the attached Declaration of William H. Jeffress, Jr. and exhibit. This declaration attaches the transcript of the hearing before Judge William H. Pauley, III on Friday, February 1, 2013, that was referenced in Respondent's Motion for Leave to Supplement the Record (dkt. no. 27, Feb. 4, 2013).

Petitioners respectfully request that this Court grant their Motion for Leave to Supplement the Record with the attached declaration and exhibit.

February 7, 2013

Respectfully submitted,

Freemann Law Offices
A Professional Corporation

/s/ Scott Bennett Freemann
Scott Bennett Freemann, Esq.
Attorney ID Number 82030
sbf@freemannlaw.com
One Logan Square, Suite 2675

18th & Cherry Streets
Philadelphia, PA 19103
Tel: (215) 564-7400
Fax: (215) 564-7406

/s/ William H. Jeffress, Jr.
_____

William H. Jeffress, Jr.
Baker Botts LLP
1299 Pennsylvania Ave., NW
Washington DC 20004
Tel: (202) 639-7700
Fax: (202) 585-1087
william.jeffress@bakerbotts.com

/s/ Bettina B. Plevan
_____

Bettina B. Plevan
Proskauer LLP
11 Times Square
New York, NY 10036-8299
Tel. 212-969-3065
Fax 212-969-2900
bplevan@proskauer.com

*Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2013, I caused a copy of the foregoing and its attachments to be electronically filed with the United States District Court, Eastern District of Pennsylvania, and notice will be served by operation of the Court's electronic filing system on representatives of all parties to this litigation.

February 7, 2013

/s/ Scott Bennett Freemann
Scott Bennett Freemann, Esq.
Attorney ID Number 82030

*Attorney for Petitioners*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**GREENBERG TRAURIG, P.A.,
GREENBERG TRAURIG LLP,**

**Petitioners,**

v.                                    Civil Action No. 12-cv-6718

**FRANCINE GRIESING,**

**Respondent.**

## ORDER

Upon consideration of Petitioners' Motion For Leave To Supplement the Record, and any opposition thereto, it is hereby:

ORDERED that the motion is GRANTED.

_____
Mitchell S. Goldberg
United States District Judge

Date: _____, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREENBERG TRAURIG, P.A.,
GREENBERG TRAURIG LLP,

        Petitioners,

        v.                             Civil Action No. 12-cv-6718-MSG

FRANCINE GRIESING,

        Respondent.

**DECLARATION OF WILLIAM H. JEFFRESS, JR.**

I, William H. Jeffress, Jr., declare as follows:

1. I am lead counsel in this matter for the petitioners, Greenberg Traurig P.A. and Greenberg Traurig LLP (hereinafter collectively "GT").

2. Attached as Exhibit 1 to this Declaration is a true and correct copy of the transcript of the hearing held before the Honorable William H. Pauley, III, on February 1, 2013, in the case of <u>Griesing v. Greenberg Traurig LLP</u>, 12 CV 8734 (WHP) (S.D.N.Y.).

I swear under penalty of perjury that the foregoing is true and correct.

                                       _____
                                       William H. Jeffress, Jr.

                                       Dated: _Feb. 7, 2013_

1

# EXHIBIT 1

```
                                                                        1
    D21VGRIA                    Argument
 1  UNITED STATES DISTRICT COURT
 1  SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x
 2
 3  FRANCINE FRIEDMAN GRIESING, on
 3  behalf of herself and others
 4  similarly situated,
 4
 5                  Plaintiff,
 5
 6          v.                            12 CV 8734 (WHP)
 6
 7  GREENBERG TRAURIG LLP,
 7
 8                  Defendant.
 8
 9  ------------------------------x
 9                                   New York, N.Y.
10                                   February 1, 2013
10                                   12:20 p.m.
11
11  Before:
12
12                  HON. WILLIAM H. PAULEY III,
13
13                                   District Judge
14
14                        APPEARANCES
15
15  SANFORD HEISLER
16      Attorneys for Plaintiff
16  BY:  DAVID W. SANFORD
17       KATHERINE M. KIMPEL
17       KATIE MUETING
18
18  PROSKAUER ROSE
19      Attorneys for Defendant
19  BY:  BETTINA B. PLEVAN
20       -AND-
20  BAKER BOTTS
21  BY:  WILLIAM H. JEFFRESS, JR.
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

```
                                                          2
      D21VGRIA                    Argument
 1              (In open court)
 2              THE DEPUTY CLERK:  Case of Griesing v. Greenberg
 3    Traurig.
 4              Appearances for the plaintiff.
 5              MR. SANFORD:  David Sanford for plaintiff
 6    Ms. Griesing, your Honor.
 7              THE COURT:  Good morning, Mr. Sanford.
 8              MR. SANFORD:  Good morning.
 9              MS. KIMPEL:  Katherine Kimpel for the plaintiffs.
10              MS. MUETING:  Kate Mueting for the plaintiff.
11              THE COURT:  Good morning.
12              THE DEPUTY CLERK:  Appearance for the defendant?
13              MS. PLEVAN:  For the defendant, Bettina Plevan, your
14    Honor.
15              And I'd like to introduce William Jeffress, who's of
16    the District of Columbia.
17              THE COURT:  All right.
18              Good morning to both of you.
19              This was to be an initial pretrial conference, but
20    I've heard and received a flurry of letters.
21              Mr. Sanford, do you want to give me a very brief
22    overview of the case?
23              MR. SANFORD:  Yes, your Honor.  Thank you.
24              THE COURT:  The current posture.
25              MR. SANFORD:  Your Honor, Ms. Griesing was a
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300
```

D21VGRIA                          Argument

1   shareholder at Greenberg Traurig from approximately 2007
2   through 2010.  She brought claims here in the Southern District
3   of New York; they're individual claims, they're class-wide
4   claims of gender discrimination and pay and promotion.  And she
5   also has an individual count regarding retaliation, given her
6   wrongful discharge and constructive discharge.
7           The EEOC in this matter has found reasonable cause to
8   believe that Greenberg Traurig has, in fact, discriminated
9   against both Ms. Griesing and a class of female shareholders.
10          Ms. Griesing filed her class action in the Southern
11  District of New York because GT's CEO -- when I say "GT," I'm
12  talking about Greenberg Traurig's CEO resides here and works
13  here.  He issued Ms. Griesing's employment letter here; he
14  conducted her annual reviews here; he terminated her employment
15  in person here; and he makes all promotion and compensation
16  decisions for each of Greenberg's shareholders.
17          After Ms. Griesing filed her complaint here, Greenberg
18  Traurig filed a petition to compel arbitration pursuant to
19  Section 4 of the FAA.  Ms. Griesing has moved to dismiss that
20  petition or alternatively have it transferred here.
21          On January 15th of this year, Ms. Griesing filed with
22  this Court an amended complaint adding a claim of declaratory
23  judgment, that she need not arbitrate her Title 7 and EPA
24  claims.
25          Ms. Griesing has asked this Court to hold a premotion

4

D21VGRIA                     Argument
1    conference today, and the Court has agreed to do so.
2          Federal Rule of Civil Procedure 57 authorizes a trial
3    court to order a speedy hearing of a declaratory judgment
4    action; and Federal Rule of Civil Procedure 42(b) authorizes
5    bifurcation of any claims for the convenience or to expedite or
6    economize in an action.  The Court clearly has discretion to
7    bifurcate.
8          Each party in this case, your Honor, recognizes that
9    there is a threshold legal matter:  Do we litigate in federal
10   court or do we arbitrate.  It's that about which we agree.  We
11   don't agree on very much else beyond that.
12         THE COURT:  Isn't that the defendant's proposed motion to
13   compel or motion to stay arbitration before -- in this Court
14   the converse of your proposed motion to bifurcate and decide
15   the declaratory judgment question?
16         MR. SANFORD:  We think there's an important legal
17   issue not about staying it and then going to arbitration, but,
18   rather, having before this Court papers so that this Court can
19   decide in the first instance whether, in fact, arbitration is
20   the way to go.  We haven't briefed that yet, and what we had
21   provided to this Court is a proposed schedule, an expedited
22   schedule allowing summary judgment on that issue.
23         THE COURT:  Isn't that though the same question that's
24   being presented in the Eastern District of Pennsylvania?
25         MR. SANFORD:  Well, it is, your Honor.  But the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

5

D21VGRIA                    Argument
1    problem with that is this:  If Greenberg Traurig is allowed to
2    just go forward under Section 4 of the FAA instead of bringing
3    this before this Court under Section 3, they'll have the right
4    to do that all over the country.
5              This is a class action, your Honor; this is not an
6    individual case.  We anticipate filing an amended complaint,
7    adding individuals from around the country.  When we do that,
8    if this Court countenances this form of forum shopping by the
9    defendant, then they'll surely be doing that throughout the
10   country, and we'll risk inconsistent adjudications; we'll have
11   multiple actions, some of which may be deemed appropriate for
12   arbitration, some of which may not be.
13             This Court has an opportunity to avoid that by, in one
14   forum, in this forum, resolving that threshold issue for not
15   only Ms. Griesing, but for a class of women she represents.
16             THE COURT:  It's not a class action yet.
17             MR. SANFORD:  It's not a class action yet; but it's a
18   proposed class action.  And we will be amending with other
19   individuals.
20             And if we go down that road, surely we're going to be
21   faced with inconsistent adjudications as a reality possibility;
22   and, at a minimum, we're going to be dealing with the
23   inefficiency of having to resolve this throughout the country
24   in multiple forums.
25             THE COURT:  But isn't this issue already fully briefed
                   SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

```
                                                        6
       D21VGRIA                Argument
  1    before Judge Goldberg in the Eastern District of Pennsylvania?
  2              MR. SANFORD:  Well, this issue is fully briefed.
  3    We've asked the Court to transfer here or dismiss it.
  4              But what we're asking this Court to do is to allow us
  5    to resolve this issue on summary judgment here in an expedited
  6    way.  We don't know how long the Court is going to take to
  7    resolve that issue.  The Court hasn't scheduled a hearing yet.
  8    We understand that the Court there typically likes to have at
  9    least an oral argument.  That hasn't been scheduled as of yet.
 10              THE COURT:  Why shouldn't this Court wait for Judge
 11    Goldberg's decision on the motions pending before him?
 12              MR. SANFORD:  Well, your Honor, the motion pending
 13    before the Court isn't substantively briefed.  We haven't
 14    substantively briefed the issue of arbitration.  The only
 15    question is whether the Court should allow Greenberg Traurig's
 16    motion to proceed, allowing us to then fully brief.
 17              What we are asking this Court to do is to give us that
 18    expedited schedule here so that we can resolve it here.
 19              Plaintiff clearly has the choice of forum.  She filed
 20    her case in this Court.  She has the right to have this issue
 21    resolved by this Court.  If this Court allows the court in
 22    Philadelphia to proceed, it will give countenance to defendants
 23    around the country to file related matters after a Title 7 case
 24    is properly filed in federal court, file a related matter
 25    elsewhere, in an effort to forum shop.  And by having this
```

D21VGRIA                        Argument

1   Court allow that to happen, would send the signal that
2   defendants around the country can do that.  And we propose,
3   your Honor, that would not be a good idea.
4           THE COURT:  How is that forum shopping, what you've
5   just described?
6           MR. SANFORD:  Well, the defendant has every right to
7   make its arguments before this Court under Section 3 of the
8   FAA.  They are not prejudiced at all by having that resolved
9   here.  But if a Title 7 plaintiff alleging discrimination
10  brings a case in federal court, and defendants think that they
11  can then file a related matter, in this case about arbitration,
12  and have their choice of forum dictate, then it is a form of
13  forum shopping.  There's no reason this issue has to be
14  resolved in Philadelphia.
15          THE COURT:  But isn't there law that requires a party
16  to file a motion to compel arbitration in the district where
17  the arbitration would take place?
18          MR. SANFORD:  Well, our view, your Honor, is that that
19  doesn't -- that is not the law when a case is already pending.
20          If by hypothesis, your Honor, we hadn't filed our case
21  that day, and by hypothesis again, GT had filed its petition to
22  compel arbitration, arguably what your Honor is suggesting
23  would be true.  But that's not our situation.
24          Our situation is we filed it first; we have a right to
25  litigate here; we have a right to have this issue heard here.

D21VGRIA                    Argument

1   We're not contesting the idea that they have a right to assert
2   that defense.  They can assert that defense, but they need to
3   do that here.  And that would be the proper way.  Otherwise, it
4   would be a form of forum shopping.
5              THE COURT:  All right.
6              Thank you, Mr. Stanford.
7              MR. SANFORD:  Thank you, your Honor.
8              THE COURT:  Ms. Plevan or Mr. Jeffress?
9              MS. PLEVAN:  I'll start, your Honor.  And Mr. Jeffress
10  is handling the matter in the Eastern District of Pennsylvania,
11  so he may wish to add some comments to what I would say.
12             THE COURT:  Is Mr. Jeffress one of your partners?
13             MS. PLEVAN:  No.  I apologize.
14             Mr. Jeffress is a partner with Baker & Botts in the
15  District of Columbia.
16             THE COURT:  All right.  Thank you.
17             MS. PLEVAN:  I think our letters make clear, your
18  Honor, that we think that as you've just stated, that the only
19  district in which the firm could have sought to compel
20  arbitration is either Miami or the district in which, in this
21  case, the plaintiff was affiliated, which was the Eastern
22  District of Pennsylvania.
23             And although the cases were filed really on the very
24  same day, this case didn't even raise the issue of arbitration
25  at that time; it was six weeks later.  But the firm proceeded

9

D21VGRIA                          Argument

1    expeditiously; they filed the action to compel, petition to
2    compel arbitration.
3            It's really the plaintiff here who is seeking to
4    change venues and really manipulate the proceedings by asking
5    this Court to, in some way, rule on something that was raised
6    first in the Eastern District of Pennsylvania.
7            We have no reason to think that that proceeding will
8    be delayed.  If it is delayed now for a month, it's because the
9    plaintiff interposed a motion to dismiss and to transfer venue.
10           But the cases that we've cited -- and certainly would
11   cite on a motion for a stay -- more extensively make it very
12   clear that we had no choice but to file the petition where we
13   did to compel arbitration.  And we could not have done it here.
14   And the issue was not even raised here in this Court.  So for
15   that reason, the fact that the plaintiff chose this as her
16   venue for her Title 7 claim and Equal Pay Act claim is simply
17   irrelevant to the process.
18           I also think that the issue of delay is of much less
19   significance here.  It's not likely, as I said, to be extensive
20   in any event.  But this matter was pending before the EEOC for
21   more than three years.  The plaintiff, had she been in a hurry
22   to have her claims adjudicated, could have asked for a
23   right-to-sue letter much earlier.  She did not choose to do
24   that.
25           And so I don't think that from an equities standpoint
                     SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

D21VGRIA                          Argument

1    it's appropriate for her to be seeking relief based on the fact
2    that there may be a few more weeks until there is a decision in
3    the Eastern District.
4            I don't think really we need to address the merits of
5    the case now.  The EEOC did make a determination at one point
6    in the typical, I guess you would say, fashion of EEOC.  They
7    received documents; they never talked to any witnesses; they
8    never met with the attorneys who were representing the firm at
9    the time, but nevertheless issued that determination.
10            But at this point, the EEOC apparently is not
11   interested in proceeding with this case.  And we have just Ms.
12   Griesing, a single plaintiff.
13            And so I think for those reasons, your Honor, we would
14   ask that the Court grant us permission to make a motion for a
15   stay of this proceeding pending the outcome of the proceedings
16   pending before Judge Goldberg in the Eastern District of
17   Pennsylvania.
18            THE COURT:  All right.
19            MR. SANFORD:  Your Honor, if I just may respond
20   briefly.
21            The question really before this Court ultimately will
22   be whether female shareholders at Greenberg Traurig can get a
23   fair resolution of their claims of gender discrimination
24   nationwide heard before this Court or some other court or
25   arbitration.

D21VGRIA                     Argument
1              There is a threshold issue here.  And I don't want to
2    argue the merits either, but I just want to point out one
3    matter, your Honor.
4              The EEOC finds reasonable cause to support a finding
5    of discrimination in very, very few cases around the country; I
6    think it's under five percent.  They investigated for three
7    years.  Greenberg Traurig will have every opportunity to defend
8    itself on the merits down the road.  But that is a significant
9    finding.
10             But I would just like to highlight one thing for your
11   Honor before I close, which is that this is a very important
12   issue not because we prefer to be here or they prefer to be
13   there in Philadelphia.  It's important because a Title 7
14   litigant has a right of a forum of his or her choice.
15             Ms. Griesing has chosen for good reason to have her
16   case heard here.  If Greenberg Traurig is successful in having
17   this Court defer to the Philadelphia court, then the result of
18   that may very well be and probably will be, will have
19   adjudications around the country, many of which will be
20   inconsistent with others, and this process will go on for a
21   long time.
22             This Court has opportunity to resolve this threshold
23   issue either by agreeing it should properly be litigated here
24   or by agreeing with Greenberg Traurig that it should be
25   arbitrated elsewhere.  That's something this Court can do in
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

12

D21VGRIA                        Argument

1  its discretion, and we urge this Court to take that upon
2  itself.
3          THE COURT:  All right.
4          I still see these motions as essentially presenting
5  the same question, that is, who's going to decide whether the
6  dispute is an arbitrable one or not.  And I think it could be
7  handled in just one motion.
8          We'll tee up both plaintiff's motion for bifurcation
9  on the declaratory judgment claim, and the motion to stay the
10 arbitration -- excuse me, to stay this proceeding pending the
11 decision in the Eastern District.
12         So when would you all like to file your motion papers?
13         MR. SANFORD:  Your Honor, we have papers ready to be
14 filed today.  And if you'd like, we can give you a courtesy
15 copy now and file it with the Court today.
16         MS. PLEVAN:  I don't think that's acceptable, your
17 Honor.  And I don't see any reason for urgency here, especially
18 in light of the long proceedings.  I think if we're having a
19 schedule, it should be the normal schedule.
20         We'd be prepared to file Wednesday, serve papers on
21 Wednesday.
22         THE COURT:  That's fine.  That's fine.
23         I'm going to tee the motions up so that I'm going to
24 receive papers on both motions.  You'll respond to each other.
25 I'll take a short reply, and then schedule an oral argument.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

13

D21VGRIA                    Argument
1              MR. SANFORD:  Thank you, your Honor.
2              THE COURT:  So you'll file your motions next
3     Wednesday, February 6th.
4              When can you oppose the motions?
5              MR. SANFORD:  One week, your Honor.
6              THE COURT:  Will that work for you, Ms. Plevan?
7              MS. PLEVAN:  Yes, your Honor.
8              THE COURT:  All right.
9              February 13th.
10             Give me a reply by March 20.
11             MR. SANFORD:  February, your Honor?
12             THE COURT:  Excuse me, by February 20.
13             And I'll hear oral argument in the case February 28th
14    at 3 o'clock for oral argument.
15             MR. SANFORD:  Thank you, your Honor.
16             THE COURT:  Will that work?
17             MS. PLEVAN:  Just a second.
18             THE COURT:  Sure.  Let me know if that will be
19    convenient for counsel.
20             MS. PLEVAN:  Three o'clock?
21             THE COURT:  Yes.
22             MS. PLEVAN:  I think we can do that, your Honor.
23             THE COURT:  All right.
24             February 28th at 3.
25             MR. SANFORD:  Thank you.
                      SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

14

```
     D21VGRIA                  Argument
 1             THE COURT:  Anything further?
 2             MR. SANFORD:  That's all for the plaintiff, your
 3   Honor.
 4             MS. PLEVAN:  Thank you, your Honor.
 5             THE COURT:  All right.
 6        Thank you.
 7             MR. SANFORD:  Thank you very much.
 8             THE COURT:  Have a good weekend.
 9             MR. SANFORD:  Thank you.  You, too.
10                          *     *     *
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```